UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                         :

UNITED STATES OF AMERICA *and* THE
STATE OF NEW YORK *ex rel.* FRAUD BUSTER, :
LLC,                                      :

                       Plaintiffs, :

          -v-                 :

                                    :

ENZO BIOCHEM, INC.,              :

                                     :

                  Defendant. :

                                     :
------------------------------------------------------------------ X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 2/6/2026 |

1:22-cv-7613-GHW

<u>MEMORANDUM OPINION &
ORDER</u>

GREGORY H. WOODS, United States District Judge:

## I.     INTRODUCTION

After hundreds of pages of briefing on Medicare billing rules and COVID-19 pandemic-era testing practices, this motion turns on a far more basic problem: who, exactly, Relator has sued. Relator Fraud Buster, LLC ("Relator") filed this *qui tam* action on behalf of the United States and the State of New York under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the New York False Claims Act, N.Y. State Fin. Law § 187 *et seq.*, purportedly alleging that Defendant Enzo Biochem, Inc. ("Enzo Biochem" or "Defendant") carried out various schemes to submit false or fraudulent claims to government healthcare programs. Enzo Biochem has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

This motion turns on a threshold pleading defect. As written, the complaint does not allege anything—much less fraudulent conduct—by the named defendant. The complaint names Enzo Biochem in the caption but defines "ENZO" and "DEFENDANTS" in a way that attributes the alleged misconduct to a different entity: Enzo Clinical Labs, Inc. Because Relator failed to state a claim against the named defendant, Defendant's motion to dismiss is GRANTED.

## II.    BACKGROUND

On September 7, 2022, Relator filed a sealed *qui tam* complaint on behalf of the United

States, the State of New York ("New York"), and the State of Connecticut ("Connecticut") against

Enzo Biochem, as well as three individual defendants (collectively, the "Individual Defendants"),

alleging violations of the federal False Claims Act (the "FCA"), 31 U.S.C. §§ 3729(a)(1)(A)–(B), (G),

the New York False Claims Act (the "NYFCA"), N.Y. State Fin. Law §§ 189(1)(a)–(b), and the

Connecticut False Claims Act, Conn. Gen. Stat. §§ 4-275(a)(1)–(2).  Dkt. No. 7 ("Compl.").  On

February 2, 2024, the United States and New York declined to intervene.  Dkt. Nos. 9–10.  On

August 15, 2024, Connecticut elected to intervene for purposes of a settlement that had been

reached between Connecticut, Relator, Enzo Biochem, and Enzo Clinical Labs, Inc. ("Enzo Clinical

Labs").  Dkt. Nos. 8, 17.  Relator and Connecticut subsequently dismissed all claims this case

asserted under Connecticut law.  Dkt. No. 17.  The complaint was unsealed on September 18, 2024.

Dkt. No. 7.  On April 25, 2025, Relator voluntarily dismissed all claims against the Individual

Defendants, leaving Enzo Biochem as the sole remaining defendant.  Dkt. Nos. 63–64.

The complaint alleges three schemes that resulted in violations of the FCA and NYFCA.

Compl. ¶¶ 86–109.  As discussed below, the resolution of this motion turns on how the complaint

defines the entities alleged to have engaged in the fraudulent conduct.  At a high level, Relator

alleges three schemes involving (1) the improper use of diagnosis codes for COVID-19 screening

tests in order to obtain reimbursement for tests that were otherwise not reimbursable, *id.* ¶¶ 20–33,

(2) the waiver of patient co-payments and deductibles to induce referrals, *id.* ¶¶ 33–63, and (3) the

billing of "expedited" COVID-19 testing without satisfying the applicable requirements, *id.* ¶¶ 64–

69.  The complaint asserts four causes of action based on the three alleged schemes.  Count One

alleges presentment of false claims in violation of 31 U.S.C. § 3729(a)(1)(A).  *Id.* ¶¶ 86–91.  Count

Two alleges the use of false records or statements material to false claims in violation of 31 U.S.C.

§ 3729(a)(1)(B).  *Id.* ¶¶ 92–96.  Count Three alleges retention of overpayments in violation of

31 U.S.C. § 3729(a)(1)(G).  *Id.* ¶¶ 97–101.  Count Four asserts parallel claims under the NYFCA.  *Id.*

2

¶¶ 102–109.[1]

On July 7, 2025, Enzo Biochem filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 70; *see also* Dkt. No. 72 ("Mot.").  Enzo Biochem contends that the complaint fails to plausibly allege violations of the FCA or the NYFCA and does not satisfy the heightened pleading requirements applicable to fraud claims under Federal Rule of Procedure 9(b).  Dkt. No. 72.  On August 18, 2025, Relator filed its opposition.  Dkt. No. 77 ("Opp'n").  On September 12, 2025, Enzo Biochem filed its reply.  Dkt. No. 82.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, a defendant may move to dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.  *See Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (citing *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017)); *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2010).

To survive dismissal under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To satisfy even the most liberal pleading standards, a complaint must "allege the nature of each particular

---

[1] Count Five asserts parallel claims under the Connecticut False Claims Acts, which have since been resolved and are no longer before the Court.  Dkt. No. 17.

defendant's misconduct." *See Holmes v. Allstate Corp.*, No. 11 CIV. 1543, 2012 WL 627238, at *25 (S.D.N.Y. Jan. 27, 2012) (explaining requirements for pleading under Rule 8(a)), *report and recommendation adopted*, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012).

Claims brought under the FCA must be pleaded with "plausibility and particularity" under Federal Rule of Civil Procedure 9(b). *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 195 n.6 (2016). Under Rule 9(b), claims alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires a complaint alleging fraud to '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (quoting *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016)).

## IV.    DISCUSSION

Relator's pleading fails for a threshold reason: although the caption names Enzo Biochem, Inc., the body of the complaint does not allege that Enzo Biochem violated the law or injured the plaintiff. The motion to dismiss is therefore granted.

This result follows from two straightforward principles. First, in ruling on a motion to dismiss, the Court must generally "limit itself to the facts stated in the complaint." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). And while the Court is "obligated to draw the most favorable inferences that [the plaintiff]'s complaint supports, we cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). The Court "is only bound to interpret the complaint as written; 'plaintiffs have the responsibility to plead their case adequately, without defendants' or the Court's assistance.'" *In re Genger*, No. 19-13895, 2024 WL 4021557, at *6 (Bankr. S.D.N.Y. Sept. 1, 2024) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997), *aff'd*, 154

4

F.3d 56 (2d Cir. 1998)), *aff'd*, No. 24CV7072, 2025 WL 835795 (S.D.N.Y. Mar. 17, 2025).

Second, a plaintiff must plead wrongdoing by the defendant it has actually sued. "[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quoting *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)), *aff'd sub nom.*, *Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000); *see also Jaffer v. Chem. Bank*, No. 93 CIV. 8459, 1994 WL 392260, at *3 (S.D.N.Y. July 26, 1994).

These principles leave Relator without a viable claim against Enzo Biochem, the only defendant remaining in this action. The complaint's first paragraph defines "ENZO" as "Enzo Clinical Labs, Inc." and defines "DEFENDANTS" as that entity plus the three executives:

> Over the past several years, Enzo Clinical Labs, Inc. ("ENZO"), a publicly traded New York company, and three of the company's executives (collectively, "DEFENDANTS"), have perpetrated a fraud on U.S. taxpayers through four independent schemes designed to defraud Medicare and other government payors including Medicaid and the Health Resources and Services Administration ("HRSA"). Each of DEFENDANTS' schemes results in false claims for payment, which bills the government.

Compl. ¶ 1. The complaint later describes those executives as executives of "ENZO," which—under Relator's own definition—means they are officers of Enzo Clinical Labs, Inc:

> 11. DEFENDANT ELAZAR RABBANI served as Chairman of the Board of Directors of ENZO since the Company's founding in 1976 until January 2022. He served as ENZO's CEO until October 18, 2021. ENZO's website listed RABBANI as the Chief Scientific Officer until this year.
> 12. DEFENDANT HANSEN LEE is ENZO's Director of Clinical Operations.
> 13. DEFENDANT KARA CANNON is ENZO's Chief Operating Officer and previously served as ENZO's Chief Commercialization Officer.

*Id.* ¶ 11–13. Because the Court must "interpret the complaint as written," *In re Genger*, 2024 WL 4021557, at *6, and "cannot invent factual allegations that [Relator] has not pled," *Chavis*, 618 F.3d

at 170, every allegation in the complaint against "DEFENDANTS" or "ENZO" is, by the complaint's own terms, an allegation against Enzo Clinical Labs, not Enzo Biochem. In other words, by alleging misconduct by the "DEFENDANTS" and "ENZO" throughout the complaint, Relator alleges no facts that establish any liability against the company Relator named as the defendant. The sole reference to Enzo Biochem in the complaint is in a paragraph that merely describes the parties and contains no allegations of wrongdoing. Compl. ¶ 10. And within that paragraph, only the first sentence mentions Enzo Biochem. *Id.* Given the complaint's own definition of "ENZO," the subsequent references to "ENZO" within that paragraph refer to Enzo Clinical Labs, rather than Enzo Biochem. Because the complaint names Enzo Biochem in the caption but "does not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted." *Jaffer*, 1994 WL 392260, at *3.

Defendant advances a related but distinct theory in its motion papers: all allegedly false claims were made by Enzo Clinical Labs, a former subsidiary of Enzo Biochem, and that Enzo Biochem lacked an NPI and therefore could not bill Medicare or Medicaid. Mot. at 29–30. The Court does not rely on that argument to resolve this motion. Doing so would require the Court to improperly "rel[y] on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (citation omitted).

When confronted with Defendant's "wrong entity" argument, Relator makes gestures at a veil-piercing argument as to Enzo Clinical Labs, contending that Enzo Biochem can be held liable for conduct pleaded against Enzo Clinical Labs and citing a potpourri of facts from the complaint. Opp'n at 26–27. However, Relator does not plead facts sufficient to support veil piercing. In the Second Circuit, a relator seeking to pierce the corporate veil must allege "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such

domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 769 (S.D.N.Y. 2018) (quoting *Morris v. N.Y. State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 141 (1993)). Here, the only mention of Enzo Biochem in the complaint is a single sentence describing the entity: "DEFENDANT ENZO BIOCHEM, INC. is a New York corporation with its principal place of business in New York, New York." Compl. ¶ 10. All other conduct alleged by the complaint is attributed to "ENZO" and "DEFENDANTS," meaning Enzo Clinical Labs and three of its executives. These allegations do not plausibly support an inference of "complete domination" by Enzo Biochem with respect to any transaction, much less "the transaction attacked." *Raffington*, 285 F. Supp. 3d at 769.

Nor can the defect be cured by recharacterizing the Individual Defendants in subsequent briefing. "A party may not use his or her opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). Relator's opposition argues that "Enzo Biochem's principals" ratified and directed the alleged misconduct and specifically points to "Enzo Biochem's CEO and COO" as having directed Enzo Clinical Labs's conduct. Opp'n at 27. However, the complaint itself identifies those individuals as officers of "ENZO," and, given the complaint's own definition, "ENZO" means Enzo Clinical Labs.[2] Compl. ¶¶ 1, 11–13. Because Relator "may not use [its] opposition to a dispositive motion as a means to amend the complaint," that re-labeling

---

[2] Relator also points to "Enzo Life Science's Director of Clinical Operations" and "Enzo Biochem's Director of Human Resources" as further examples of Enzo Biochem principals directing or ratifying the allegedly fraudulent conduct. Opp'n at 27. The same definitional problem applies to the Director of Clinical Operations, who the complaint identifies as "ENZO's Director of Clinical Operations." Compl. ¶ 12. Relator also adds a new entity to the mix, Enzo Life Science, which appears nowhere in the complaint. With respect to the Director of Human Resources, Relator asserts that Exhibit 7 to the complaint shows her "ignor[ing]" concerns raised by an employee. Opp'n at 27. The complaint, however, never alleges that the Director ignored concerns, and even if it had, Exhibit 7 reflects only an employee forwarding an email to the Director expressing concerns, which, without more, does not support the conclusory gloss Relator assigns it.

cannot supply a veil-piercing theory that the complaint does not plead. *Shah*, 252 F. App'x at 366.

Because Relator fails to state a single allegation of misconduct by the named defendant or facts supporting veil piercing, Defendant's motion to dismiss is granted.

## V.    LEAVE TO AMEND

Defendant's motion to dismiss all of Relator's claims is granted with leave to amend as described below.  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  The Court cannot conclude that further amendment would not cure the deficiencies identified in the complaint.  The Court therefore grants Relator leave to file a second amended complaint no later than 30 days from the date of this order.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015).

## VI.    CONCLUSION

As stated above, Relator has failed to allege anything, much less misconduct, by Defendant. That deficiency is fatal to all of Relator's claims.  Accordingly, Defendant's motion to dismiss Relator's complaint is GRANTED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 70.

SO ORDERED.

Dated:  February 6, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

8